**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6097**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIRWAIS MOHAMADI, a/k/a O, a/k/a Omar,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:09-cr-00179-LO-1; 1:14-cv-00496-LO)

Submitted: September 9, 2020                    Decided: September 21, 2020

Before MOTZ, KING, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Mirwais Mohamadi, Appellant Pro Se. Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mirwais Mohamadi seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 motion.[1]  The district court first denied Mohamadi's motion in 2017, and Mohamadi timely appealed.  We dismissed the appeal as interlocutory and remanded to the district court for consideration of two unresolved claims: (1) whether Mohamadi's sentence is unconstitutional under *Johnson v. United States*, 576 U.S. 591 (2015) (holding residual clause of Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague), and (2) whether Mohamadi was denied the right to have a jury determine each element of his convictions beyond a reasonable doubt.  *United States v. Mohamadi*, 733 F. App'x 703, 704 (4th Cir. 2018) (No. 17-7395).

On remand, the district court issued a new order purportedly denying Mohamadi's two remaining claims.  The district court described the first claim as a question of whether Mohamadi's 18 U.S.C. § 924(c) convictions were unconstitutional under *Johnson*.  The district court denied this claim, determining that the convictions remained valid because they were predicated on the offense of Hobbs Act robbery, which this court has determined is a crime of violence under § 924(c)(3)(A)'s force clause.

The district court did not, however, address Mohamadi's claim regarding the impact of *Johnson* on the constitutionality of his sentence.  Specifically, Mohamadi claimed in his first supplement to his § 2255 motion that his sentence enhancement under the ACCA was

---

[1] Mohamadi's § 2255 motion comprises the original motion and two supplements, which the district court accepted and reviewed along with the original motion.

2

unconstitutional because, under *Johnson*, he no longer had three predicate convictions that qualified as violent felonies. *See* 18 U.S.C. § 924(e). The district court has yet to dispose of this claim.[2]

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). We conclude that, because the district court has not addressed Mohamadi's claim regarding the constitutionality of his ACCA sentence enhancement, the order Mohamadi seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claim. *Id.* at 699.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[2] The district court did dispose of Mohamadi's other remaining claim, but we cannot address the merits of the court's decision on that claim until the court issues a final order.

3